UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-62176-CIV-MORENO

BROWARD COUNTY,

    Plaintiff,

vs.

MARIGOLD GARDEN CONDOMINIUM ASSOCIATION, INC.,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

Plaintiff, Broward County, brings this case under the Fair Housing Act against Marigold Gardens Condominium. The complaint alleges that Marigold Gardens Condominium discriminated against unit owner Winsome McDonald because her daughter and granddaughter, a minor, lived in the unit. Defendant Marigold Condominium Association moved to dismiss arguing McDonald does not qualify as an aggrieved person under the Act and that the exemption for persons 55 and older applies to this condominium. The Court finds that the complaint sufficiently states a cause of action under the Fair Housing Act and denies the motion to dismiss. The Court will reevaluate whether Plaintiff can maintain a prima facie case at summary judgment on a full record.

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss **(D.E. No. 13)**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendant shall file an answer to the complaint

by no later than **July 23, 2015**.

## I. BACKGROUND

Broward County is bringing this Fair Housing Act case against Marigold Gardens Condominium Association for purported violations of the Act and specifically for discriminating against Winsome McDonald on the basis of familial status. McDonald owned a unit at the Marigold Gardens Condominium located at 3506 N.W. 49th Avenue, Lauderdale Lakes, Florida.

On August 14, 2008 and December 16, 2010, McDonald received correspondence from Marigold Condominium advising that no children under the age of 18 could occupy any dwelling. The letter stated that Marigold Gardens Condominium had a 55 years and older age restriction and that McDonald was violating it by allowing her daughter and granddaughter to reside with her. The letter threatened McDonald with legal action if her daughter and granddaughter did not vacate the premises.

Marigold eventually commenced eviction proceedings on October 3, 2011 to remove McDonald's daughter and granddaughter from the premises. On May 11, 2012, McDonald filed a discrimination complaint with the Broward County Human Rights Section against Marigold Condominium for its refusal to allow her relatives to live with her and that complaint also alleged that Marigold Condominium did not meet the 55 years and older age restriction.

After receiving McDonald's complaint, the Broward County Human Rights Section investigated the allegations and found that Marigold Condominium failed to provide reliable evidence that 80 percent of its occupied dwellings have at least one person 55 years and older residing there as set forth by 42 U.S.C. § 3607(2)(C)(i). Broward County also concluded that Marigold Condominium did not provide data evidencing a 55 years and older designation during the

relevant time period of 2008 through 2011. This complaint alleges that as of April 4, 2013, Marigold Condominium had no postings or signs identifying the property as a housing community for persons 55 years of age and older. It adds that a review of Marigold Condominium's application for approval of a sale or lease of an apartment lacks an age verification process. Rental advertisements also lacked notice of the age restriction. Broward County's investigation also revealed at least one other child living on the property. On August 21, 2014, Marigold Condominium elected to have this dispute resolved in federal court, rather than the Broward County Human Rights Board.

The first count of the complaint is under the Fair Housing Act, 42 U.S.C. § 3604(a)-(b). Broward County alleges that McDonald is an "aggrieved person" within the meaning of 42 U.S.C. § 3602 and that Marigold Condominium's action were a violation of McDonald's rights. The second count of the complaint is under subsection 16 ½-35(b) of the Broward County Human Rights Act. Defendant's motion to dismiss argues that McDonald does not qualify as an aggrieved person under the Act.

## II. LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

### III. ANALYSIS

Congress amended the Fair Housing Act in 1988 to include a prohibition against housing discrimination based on familial status. 42 U.S.C. § 3604. The Act defines familial status as "one or more individuals (who have not attained the age of 18 years)" living with a parent or legal guardian. 42 U.S.C. § 3602(k). The goal of this legislation was to facilitate housing for families with children. *Massaro v. Mainlands Section 1 & 2 Civic Assoc., Inc.*, 3 F.3d 1472, 1476 (11th Cir. 1993); *Seniors Civil Liberties, Ass'n, Inc. v. Kemp*, 965 F.2d 1030, 1035 (11th Cir. 1992). Congress created an exemption to the Act for older persons living in retirement communities. The exemption to the familial status provision applies to housing "intended for occupancy by at least on person 55 years of age or older per unit." 42 U.S.C. § 3607(b)(2)(C)(i).

Here, the allegations of the Complaint suffice to say that the exemption does not apply in this context. There are allegations that Marigold Condominium does not engage in age verification, that the units are not advertised for persons 55 years and older, and there is evidence of at least one other child living on the property. *Massaro*, 3 F.3d at 1476 (providing six factors to guide the courts in applying the exemption). The issue of whether Marigold Condominium qualifies for the exemption is one that should be re-examined at the summary judgment stage.

The motion to dismiss focuses on whether McDonald is an "aggrieved person" under the Act as she is a grandmother and not the legal guardian of the child. Marigold Condominium contends

that McDonald must be the parent to qualify as an "aggrieved person." The statute defines an "aggrieved person" as anyone "who claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602 (i)(1).

The County has alleged that McDonald received correspondence from Marigold Condominiums advising that she was in violation of the 55 years and older restriction by allowing her daughter and granddaughter to live with her. The County also alleges Marigold Condominium eventually started eviction proceedings naming McDonald as the party in the action. The Court finds these allegations sufficient to state that McDonald is an "aggrieved person" under the Fair Housing Act. In addition, the Court will not narrowly construe the definition of "aggrieved person" as requested by Marigold Condominium. Dismissing this case by reading the definition of "aggrieved person" narrowly would be contrary to the United States Supreme Court precedent, which has instructed federal courts "to give the Fair Housing Act a 'broad and inclusive' interpretation." *Schwartz v. City of Treasure Island*, 544 F.3d 1201, 1216 (11th Cir. 2008) (citing *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 731 (1995)). The Court will re-examine the issue of whether the County can make a prima facie showing that McDonald suffered familial status discrimination on a motion for summary judgment with a full record.

DONE AND ORDERED in Chambers at Miami, Florida, this 7 day of July, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record